FILED
2012 Jun-22  PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| TIMOTHY TARVIN, ) | |
| ) | |
|     Claimant, ) | |
| ) | |
| vs. ) | **Case No. CV-11-S-3344-M** |
| ) | |
| M I C H A E L   J.   A S T R U E, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
|     Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Claimant, Timothy Tarvin, commenced this action on September 15, 2011,
pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of
the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"),
and thereby denying his claim for a period of disability, disability insurance, and
supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is
a narrow one.  The scope of review is limited to determining whether there is
substantial evidence in the record as a whole to support the findings of the
Commissioner, and whether correct legal standards were applied.  *See Lamb v.
Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253
(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly considered the opinions of claimant's treating physician and of the state agency medical examiner.  Upon review of the record, the court concludes that this contention is without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id*. (bracketed alterations supplied).  Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. § 416.927(e).

Dr. Raymond Fernandez, claimant's treating cardiologist, sent a letter on November 23, 2010, to the Food Stamp Coordinator at the Etowah County, Alabama Department of Human Resources, stating:

> The above named person is currently under my care for cardiac evaluation/treatment.  As far as my medical assessment, Mr. Tarvin is

disabled and therefore, is not able to go for job interviews.  He suffers from hypertension, hyperlipidemia, chronic angina, and CAD [coronary artery disease] .  If you have any questions, please feel free to contact my office.[1]

The ALJ afforded only little weight to Dr. Fernandez's opinion "as it is not supported by the preponderance of the evidence."[2]  More specifically, the ALJ stated:

> [Dr. Fernandez's] findings are inconsistent with the overall objective medical evidence including Dr. Fernandez's own treatment notes.  The record does show claimant had subjective complaints of chest pain and fatigue but objective testing showed only mild to moderate deficits.  Further, claimant only had one emergency room visits [sic] since his heart attack for chest pain, which strongly suggests his alleged pain is not as described.  Moreover, there is no evidence of significant limitations as to activities of daily living. . . . Further, the ultimate issue of disability is reserved to the Commissioner (SSR 96-5p), as it is considered an administrative finding — 20 CFR 404.1527(e) and 416.927.[3]

Thus, the ALJ adequately stated his reasons for rejecting the conclusory opinion of claimant's treating physician that claimant is unable to work.  Furthermore, the ALJ's conclusions were in accordance with applicable law and supported by substantial evidence.

The ALJ also properly considered the assessment of Dr. Richard Whitney, the state agency reviewing physician.  Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from

---

[1] Tr. 328.

[2] Tr. 19.

[3] Tr. 19.

a treating, non-treating, or reviewing physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Whitney completed a Physical Residual Functional Capacity Assessment form on October 8, 2009. He indicated that claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for a total of 6 hours in an 8-hour workday, sit for a total of 6 hours in an 8-hour workday, and engage in unlimited push and/or pulling movements. He could frequently climb ramps and stairs, balance, stoop, and kneel, occasionally crouch and crawl, and never climb ladders, ropes or scaffolds. He might have some difficulty hearing in noisy environments. He could tolerate unlimited exposure to extreme heat and cold, humidity, and vibration, but he should avoid concentrated exposure to wetness, noise, fumes, odors, dusts, gases, and poor ventilation. He should avoid all exposure to

hazards such as machinery and unprotected heights.[4]   The ALJ gave considerable weight to Dr. Whitney's findings, because they were "consistent with the overall objective medical evidence."[5]   Indeed, the ALJ's finding of a residual functional capacity to perform a slightly reduced range of light work is consistent with Dr. Whitney's assessment.

Claimant argues that it was improper for the ALJ to consider Dr. Whitney's assessment because it was made only seven months after claimant's heart attack, and there is more recent evidence in the file, including the opinion and records from Dr. Fernandez.  That argument is not persuasive, because it is clear that the ALJ did consider the other medical evidence of record, and he concluded that Dr. Whitney's assessment was consistent with that evidence.

In summary, the ALJ properly considered all of the medical evidence of record, including the opinions from both the treating and state agency physicians.  As such, the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

---

[4] Tr. 284-91.
[5] Tr. 19.

DONE this 22nd day of June, 2012.

_____
United States District Judge